UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES MCCREARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13 CV 2 |
| | ) |
| DANIEL INGRAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Charles McCreary, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 10.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, McCreary claims that four officers from the Fort Wayne Police Department used excessive force in effectuating his arrest on March 17, 2012. The events giving rise to the lawsuit occurred when Officers Daniel Ingram, Jessica Ingram, Nolan E. Banks, and Jeffery McCann responded to a domestic dispute call from McCreary's former girlfriend. In the course of this incident McCreary alleges that Officer Banks kicked in his apartment door as he was closing it, causing the door to hit him the face. Once inside the officers allegedly "power slammed" him to the ground, and pushed their knees into his back and ribs, even though he was not resisting. The officers then "hog tied" his arms and legs and carried him outside, in the process dislocating his shoulder and causing his head to knock into a wall. While he was sitting in squad car with his hands cuffed behind his back, Officer McCann allegedly sprayed him in the face with pepper spray for no reason. He was then taken to the Allen County Jail and placed in a padded room by Officer Banks, without being seen by a doctor or having an opportunity to flush the pepper spray out of his eyes. He asserts that the officers' actions caused him significant pain and suffering, and also resulted in medical bills and lost wages.

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v.*

*Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.*

Under the Fourth Amendment, an arrestee also has a right to be provided with adequate medical care. *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007). The court considers four factors in determining whether an arresting officer's denial of medical care was "objectively unreasonable": the officer's notice of the arrestee's medical needs, the seriousness of those medical needs, the scope of the requested treatment, and the interests of the police, including administrative, penological, or investigatory concerns. *Id.* at 403-404; *Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007). The standard for establishing a claim is lower than is needed to establish deliberate indifference under either the Eighth or Fourteenth Amendments. *Williams*, 509 F.3d at 403.

Here, McCreary alleges that the officers were responding to a call about a domestic dispute. He claims that even though he was not resisting in any way, the officers kicked a door into his face, tackled him to the ground, hog-tied him, dislocated his shoulder, banged his head into a wall, and pepper-sprayed him in the face.

3

Although further factual development may show that the officers' use of force was reasonable under the circumstances, at this stage the court must accept McCreary's allegations as true. Giving him the inferences to which he is entitled, he has alleged a plausible excessive force claim against the officers.

McCreary further alleges that Officer Banks took him to lock-up at the jail instead of taking him to be evaluated by a doctor, despite that he had suffered a serious blow to his head and a dislocated shoulder, and was experiencing significant pain and burning in his eyes from the pepper spray. Although it appears McCreary was eventually seen and treated by medical staff at the jail, giving him the inferences to which he is entitled at this stage, he has alleged a plausible claim against Officer Banks for denying him adequate medical care following his arrest.

As a final matter, McCreary seeks leave to proceed *in forma pauperis* (DE #11), but since he has already been granted leave to proceed *in forma pauperis* in this action, the motion will be denied as unnecessary.

For the reasons set forth above, the court:

(1) **DENIES** the plaintiff's *in forma pauperis* petition (DE # 11) as unnecessary;

(2) **GRANTS** the plaintiff leave to proceed against Daniel Ingram, Jessica Ingram, Nolan E. Banks, and Jeffery McCann in their individual capacities for compensatory damages for using excessive force to effect his arrest on March 17, 2012;

(3) **GRANTS** the plaintiff leave to proceed against Nolan E. Banks in his individual capacity for compensatory damages for failing to provide him with medical care for his injuries following his arrest;

(4) **DISMISSES** any and all other claims contained in the complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Daniel Ingram, Jessica Ingram, Nolan E. Banks, and Jeffery McCann; and

(6) **ORDERS** Daniel Ingram, Jessica Ingram, Nolan E. Banks, and Jeffery McCann to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

                                          **SO ORDERED.**

Date: April 9, 2013

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT